UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KESTON BRAITHWAITE,

                        Plaintiff,

                                         MEMORANDUM AND ORDER
          -against-                      22-CV-00161(JS)(AYS)

HONORABLE JOHN B. COLLINS, Justice
Supreme Court, Suffolk County;
TIMOTHY SINI, District Attorney,
Suffolk County; MEAGHAN POWERS,
Assistant District Attorney, Suffolk
County; WAYNE HETER, Suffolk County
Police Department; JOHN DOE, Suffolk
County Police Department; HON. TIMOTHY
P. MAZZEI, Justice Supreme Court;
JACOB KUBETZ, Assistant District
Attorney, Suffolk County; BRIAN M.
KARP, D/SGT. Badge # 0639, Suffolk
County Police Department; MICHAEL
COSGROVE, D/SGT. Badge # 0539, Suffolk
County Police Department; DANIEL
FISCHER, D/SGT. Badge # 0611, Suffolk
County Police Department; GHYSLINE C.
MCBEAN, Badge # 1212, Suffolk County
Police Department; RICHARD PALAZZOLO,
Badge # 1323, Suffolk County Police
Department; MICHAEL PAPOCCHIA, Suffolk
County Police Department; SEAN C.
COMISKEY, Badge # 1251, Suffolk County
Police Department; CHARLES FLACKER,
Badge # 1334, Suffolk County Police
Department; ERIK M. PERELLI,
D/SGT. Badge # 633, Suffolk County
Police Department; DETECTIVE NEKNEZ,
Badge # 1515, Suffolk County Police
Department; DETECTIVE CIANFROGNA,
Badge # 1475, Suffolk County Police
Department; DETECTIVE KROLIKIEWICZ,
Badge # 1531, Suffolk County Police
Department; DETECTIVE SALEH,
Badge # 1533, Suffolk County Police
Department; DETECTIVE COLBY, Badge
# 1656, Suffolk County Police
Department; JOHN DOE #2, Foreperson/

```
Grand Juror No. 8A; JOHN DOE #3,
Assistant Foreperson/Grand Juror
No. 8A; JOHN DOES #4-21; Clerks of
the Court at 210 Center Drive,
Riverhead, NY; JOHN DOE #22,
Assistant District Attorney;
SUFFOLK COUNTY POLICE DEPARTMENT;
SUFFOLK COUNTY DISTRICT ATTORNEY
OFFICE; JASON RUSSO, ESQ.; STEVEN
GAITMAN, ESQ.; GAITMAN & RUSSO,
PLLC; and, STEVE FONDULIS, ESQ.,

                  Defendants.
----------------------------------X
KESTON BRAITHWAITE,

                  Plaintiff,

        -against-
                                   22-CV-5070(JS)(AYS)
UNITED STATES, The Capitol;
TASK FORCE OFFICER CORSO,
United States Marshal;
BRIAN GRAZIDEI, United States Marshal;
JOHN SEYMOUR, United States Marshal;
KENNETH LOPEZ, United States Marshal;
JASON LANGOIS, United States Marshal;

                  Defendants.
----------------------------------X
KESTON BRAITHWAITE,

                  Plaintiff,

        -against-
                                   22-CV-5071(JS)(AYS)
STATE OF NEW YORK, Office the
Attorney General; SUFFOLK COUNTY
NEW YORK, H. Lee Dennison Building;
WAYNE HETER, Suffolk County Police
Department; BRIAN KEEGAN, Suffolk
County Police Department;

                  Defendants.
----------------------------------X
```

2

```
----------------------------------X
```
KESTON BRAITHWAITE,

                Plaintiff,

       -against-

                          22-CV-5073(JS)(AYS)

SUFFOLK COUNTY NEW YORK, H. Lee
Dennison Building; NEW YORK STATE,
Office of the Attorney General;
RAYMOND TEIRNEY, District Attorney,
Suffolk County; JACOB KUBETZ,
Assistant District Attorney,
Suffolk County; MEAGHAN POWERS,
Assistant District Attorney,
Suffolk County; KATE WAGNER,
Assistant District Attorney,
Suffolk County; JOHN DOE, Chief
of Special Narcotics Suffolk
County; HONORABLE TIMOTHY MAZZEI,
Supreme Court Justice; HONORABLE
JOHN COLLINS, Supreme Court
Justice;

                Defendants.
```
----------------------------------X
```
KESTON BRAITHWAITE,

                Plaintiff,

       -against-

                          22-CV-5074(JS)(AYS)

STATE OF NEW YORK, Office of
the Attorney General; SUFFOLK
COUNTY, NEW YORK, H. Lee
Dennison Building; ERIC M.
PERELLI, Suffolk County Police
Department; DETECTIVE NEKNEZ,
Suffolk County Police Department;
DETECTIVE CIANFROGNA, Suffolk
County Police Department;
DETECTIVE SALEH, Badge # 1533,
Suffolk County Police Department;
DETECTIVE COLBY, Badge # 1656,

Suffolk County Police Department;

                    Defendants.
----------------------------------X
KESTON BRAITHWAITE,

                    Plaintiff,

         -against-
                                   22-CV-5359(JS)(AYS)
JACOB KUBETZ, Assistant District
Attorney, Suffolk County; WAYNE
HETER, Suffolk County Police
Department; T-MOBIL US INC.,
Telephone Carrier; VERIZON,
Telephone Carrier; SYTECH
CORPORATION, Innovator of
Wiretap Systems;

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:     Keston Braithwaite, pro se
                   22-B-4593
                   Clinton Correctional Facility
                   P.O. Box 2000
                   Dannemora, New York  12929


For Defendants:    No appearance.


SEYBERT, District Judge:

         Before the Court are the applications to proceed in forma

pauperis ("IFP") (hereafter, the "IFP Applications") filed by

incarcerated pro se plaintiff Keston Braithwaite ("Plaintiff")[1] in

--------------------------------------------------------

[1]  Plaintiff is a prolific filer in this Court.  In addition to
the six complaints addressed in this Memorandum and Order,
Plaintiff has filed three other pro se in forma pauperis complaints
also relating to his arrest and state court criminal prosecution:

relation to his Complaints filed in the cases, captioned above, that challenge an underlying state criminal investigation, prosecution, and his conviction arising therefrom.[2]  (See Case

---

(i) <u>Braithwaite v. Gaitman, et al.,</u> No. 22-CV-0974(JS)(AYS), Memorandum & Order (E.D.N.Y. Oct. 24, 2022) (dismissing claims <u>sua sponte</u> pursuant 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b)(1)) (docketed in case at ECF No. 19));

(ii) <u>Braithwaite v. Suffolk County, et al.,</u> No. 22-CV-3750(JS)(AYS), Memorandum & Order (E.D.N.Y. Nov. 9, 2022) (dismissing claims <u>sua sponte</u> pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1)) (docketed in case at ECF No. 10); <u>see also id.</u>, Case Docket, at ECF No. 19 (Notice of Appeal filed Jan. 20, 2023); and

(iii) <u>Braithwaite v. Tropea, et al.,</u> No. 23-CV-1431(JS)(AYS), Complaint (E.D.N.Y. Feb. 17, 2023) (case pending).

In addition, the Court notes Plaintiff has also raised many of the same claims against the same parties brought before this Court in five separate cases in state court.  <u>See</u>:

(a) <u>Braithwaite v. Verizon</u>, Index No. 617779/2022, Supreme Court, Suffolk County;

(b) <u>Braithwaite v. Sy Tech Corp.</u>, Index No. 617773/2022, Supreme Court, Suffolk County;

(c) <u>Braithwaite v. T-Mobile USA, Inc.,</u> Index No. 617756/2022, Supreme Court, Suffolk County;

(d) <u>Braithwaite v. Gaitman, Esq.</u>, Index No. 611821/2022, Supreme Court, Suffolk County; and

(e) <u>Braithwaite v. Hon. John B. Collins, et al.</u>, Index No. 608298/2022, Supreme Court, Suffolk County.

[2]  On July 18, 2022, in Suffolk County Court, Criminal Term, Case No. 00308C-2020, Plaintiff was convicted by a jury on a multi-count indictment including: Operating as a Major Trafficker, a class A-1 felony; and Conspiracy in the Second Degree, a class B

Docket Nos. 22-CV-5070, 22-CV-5071, 22-CV-5073, 22-CV-5074, and 22-CV-5359 (collectively, the "Post-Conviction Cases"), IFP Applications, ECF Nos. 2, respectively; see also Post-Conviction Cases, Compls., ECF Nos. 1, respectively (collectively, the "Post-Conviction Complaints").)  In addition, Plaintiff has moved to re-open his original case in this Court, assigned Case No. 22-CV-00161 (hereafter, the "First Case"), following his conviction. (See First Case, No. 22-CV-00161, Re-Open Motion, ECF No. 31.) For the reasons that follow, Plaintiff's: (1) IFP Applications are GRANTED; (2) Motion to Re-Open the First Case is GRANTED; (3) Post-Conviction Complaints are CONSOLIDATED into the First Case (No. 22-CV-00161); and (4) claims are sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

BACKGROUND[3]

I.   Procedural History

        Plaintiff's Post-Conviction Complaints addressed in this Memorandum and Order, with notable overlap, all relate to the

---

felony.   See Braithwaite v. Gaitman, et al., No. 22-CV-00974(JS)(AYS), Memorandum & Order (ECF No. 19) at 3 n.3 (E.D.N.Y. Oct. 24, 2022) (citing https://iapps. courts.state.ny.us/webcrim (last visited on Sept. 16, 2022)).

[3]  Excerpts from the Complaints are reproduced here exactly as they appear in the originals.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

manner in which the Suffolk County District Attorney's Office, the individual assistant district attorneys, police officers and the Suffolk County Police Department, the United States and United States Marshals secured his grand jury indictment and conviction in the underlying state court criminal prosecution.  Plaintiff also seeks to challenge the conduct of various actors involved in his underlying criminal proceedings, to wit, the state court judges, his criminal defense attorneys, the jurors, court clerks, and cellular service providers who allegedly conspired to convict him.

Given the volume of Plaintiff's filings addressed herein, which collectively total approximately 900 pages, the Court recites the relevant history and facts necessary to understand its determination reached in this Memorandum and Order.

A.   Plaintiff's First Case, 22-CV-0161(JS)(AYS)

On January 10, 2022, while a pre-trial detainee on state criminal charges, Plaintiff filed a 52-page complaint against some 50 defendants using the Court's Section 1983 Complaint Form with 47 additional, handwritten pages attached.  (See First Case, Compl., ECF No. 1.)  The gravamen of Plaintiff's Complaint was that he was being unfairly prosecuted in state court during his then on-going criminal prosecution.  (See generally id.)

Thereafter, following Plaintiff's attempt to supplement his First Case Complaint, the Court permitted "Plaintiff to file an amended, stand-alone complaint" which he did. (See First Case, Feb. 11, 2022 Order, ECF No. 13;[4] Am. Compl. ECF No. 19.)

The 243-page Amended Complaint (hereafter, the "First Case Amended Complaint") was brought against 43 defendants[5] raising 24 causes of action challenging his then on-going state court

---

[4]  Also available on Westlaw at 2022 WL 426165.

[5]  Plaintiff named the following defendants: Honorable John B. Collins, Justice Supreme Court; Timothy Sini, District Attorney, Suffolk County; Meaghan Powers, Assistant District Attorney, Suffolk County; Wayne Heter, Suffolk County Police Department; John Doe #1, Suffolk County Police Department; Hon. Timothy P. Mazzei, Justice Supreme Court; Jacob Kubetz, Assistant District Attorney Suffolk County; Brian M. Karp, Suffolk County Police Department; Michael Cosgrove, Suffolk County Police Department; Daniel Fischer, Suffolk County Police Department; Ghysline C. McBean, Suffolk County Police Department; Richard Palazzolo, Suffolk County Police Department; Michael Papocchia, Suffolk County Police Department; Sean C. Cominskey, Suffolk County Police Department; Charles Flacker, Suffolk County Police Department; Erik M. Perelli, Suffolk County Police Department; Detective Neknez, Suffolk County Police Department; Detective Clanfrogna, Suffolk County Police Department; Detective Krolikiewicz, Suffolk County Police Department; Detective Saleh, Suffolk County Police Department; Detective Colby, Suffolk County Police Department; John Doe #2, Foreperson; John Doe #3, Assistant Foreperson; John Doe #4, Clerk of the Court; John Doe #5, Clerk of the Court; Suffolk County Police Department; Suffolk County District Attorney Office; John Does #6-21, Clerk of the Court; John Doe #22, Assistant District Attorney; Jason Russo Esq., Attorney of Law; Steven Gaitman Esq., Attorney of Law; Gaitman & Russo, PLLC, Law Office; Steve Fondulis Esq., Attorney of Law. (See First Case, Am. Compl., ECF No. 19.)

prosecution.  According to the First Case Amended Complaint, the investigation leading to Plaintiff's arrest, his arrest, and his on-going prosecution violated Plaintiff's constitutional rights. Plaintiff alleged improprieties with, inter alia, wiretaps, video surveillance, his arrest, and court appearances (including the representation by his attorneys) and set forth broad claims of judicial and prosecutorial misconduct for which Plaintiff sought "the dismissal of all charges" in addition to $100 million in compensatory and punitive damages. (See First Case, Am. Compl. generally and at 241-42 (Part III: Relief).)

By Memorandum and Order dated May 23, 2022, the Court granted Plaintiff's application to proceed in forma pauperis and sua sponte: (1) dismissed without prejudice Plaintiff's claims seeking injunctive relief (i.e., intervention in the ongoing state court criminal proceedings by dismissing the charges against Plaintiff) pursuant to Federal Rule of Civil Procedure 12(h)(3); and (2) stayed Plaintiff's claims seeking damages pending the conclusion of the underlying state criminal case with leave to re-open the First Case "within 30 days of the conclusion of his state court criminal proceedings, if so warranted at that time." (See First Case, Memorandum & Order, ECF No. 21, in toto and at 10-11 (emphasis omitted).)

9

On July 18, 2022, in Suffolk County Court, Criminal Term, Case No. 00308C-2020, Plaintiff was convicted by a jury on a multi-count indictment including Operating as a Major Trafficker, a class A-1 felony, and Conspiracy in the Second Degree, a class B felony; he was sentenced on September 23, 2022.  See Braithwaite v. Gaitman, et al., No. 22-CV-00974(JS)(AYS), Memorandum & Order (ECF No. 19) at 3 n.3 (citing https://iapps.courts.state.ny.us/webcrim (last visited on Sept. 16, 2022)).  On September 30, 2022, Plaintiff timely requested that his First Case be re-opened given the conclusion of the state court criminal proceeding on September 23, 2022.  (See Re-Open Motion, ECF No. 31 (dated Sept.26, 2022).)

B.   Plaintiff's Post-Conviction Complaints[6]

1.   Case No. 22-CV-5070(JS)(AYS),
     Braithwaite v. United States, et al.

Plaintiff's 21-page Complaint names the United States and five United States Marshals: Task Force Officer Corso ("Corso"), Brian Grazidei ("Grazidei"), John Seymour ("Seymour"), Kenneth Lopez ("Lopez"), and Jason Langois ("Langois"); in it, Plaintiff challenges the alleged warrantless search of his

---

[6]  Plaintiff filed four complaints on August 24, 2022 (Case Nos. 22-CV-5070, 22-CV-5071, 22-CV-5073, 22-CV-5074) and another complaint (Case No. 22-CV-5359) on September 6, 2022, all well after his July 18, 2022 conviction.

apartment on May 19, 2020, and  his warrantless arrest.  (See Case No. 22-CV-5070(JS)(AYS), Compl., ECF No. 1, in toto.)  Plaintiff used the Court's civil rights complaint form, checking the box indicating that his claims are brought pursuant to Bivens.[7]  (Id. ¶ II. A.)  He seeks to recover a damages award in the sum of $10 million.  (Id. at 17.)

   2.   Case No. 22-CV-5071(JS)(AYS),
        Braithwaite v. State of New York, et al.

        This 28-page Complaint is brought pursuant to 42 U.S.C. § 1983 against the State of New York ("NY State"), Suffolk County, and two Suffolk County Police Officers, Wayne Heter ("P.O. Heter") and Brian Keegan ("P.O. Keegan"), alleging a deprivation of Plaintiff's Fourteenth Amendment rights.  (See Case No. 22-CV-5071(JS)(AYS), Compl., ECF No. 1, in toto.)  More specifically, Plaintiff claims that P.O Heter and P.O. Keegen committed perjury that resulted in Plaintiff's indictment and conviction.  (Id. at 7.)  Plaintiff's allegations against P.O. Heter are largely repetitive of his allegations set forth in the Amended Complaint filed in the First Case.  (Compare id., in toto, with First Case

---

[7]  Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), permits suits against federal employees for violations of certain federal constitutional rights.  Here, Plaintiff alleges that he suffered a deprivation of his Fourth, Eighth, and Fourteenth Amendment rights and related state law claims.  (See Compl., ECF No. 1, at 12.)

Am. Compl, Case No. 22-CV-0161, ECF No. 19, in toto.)  Further,
Plaintiff claims that NY State and Suffolk County failed to
properly train and supervise these officers.  (See id. at 21.)
For relief, Plaintiff seeks to recover a damages award in the total
sum of $10 million.  (See id. at 24.)

       3.    Case No. 22-CV-5073(JS)(AYS),
            Braithwaite v. Suffolk County, New York, et al.

      This 28-page Complaint, with an additional 17 pages of
exhibits, is also brought pursuant to 42 U.S.C. § 1983 alleging a
deprivation of Plaintiff's First, Fourth, Eighth, and Fourteenth
Amendment rights against NY State and Suffolk County, as well as
the following defendants: the Suffolk County District Attorney
Raymond A. Tierney ("D.A. Tierney"), Assistant District Attorneys
Jacob Kubetz ("A.D.A. Kubetz"), Meaghan Powers ("A.D.A. Powers"),
Kate Wagner ("A.D.A. Wagner"), and an unidentified prosecutor
alleged to be the Chief of Special Narcotics ("John Doe").
Plaintiff further names two Justices of New York State Supreme
Court, Suffolk County: Timothy Mazzei ("Judge Mazzei") and John B.
Collins ("Judge Collins").  (See Case No. 22-CV-5073(JS)(AYS),
Compl., ECF No. 1, in toto.)  Here, Plaintiff alleges malicious
prosecution claims challenging the grand jury proceedings and
asserting that his warrantless arrest and the warrantless search
of his apartment were unconstitutional; therefore, he should have

never been indicted.  (See id. at 9-15.)  For relief, Plaintiff seeks the dismissal of the indictment and to recover a damages award of $10 million.  (See id. at 25.)

    4.   Case No. 22-CV-5074(JS)(AYS),
        Braithwaite v. State of New York, et al.

This 20-page Complaint, with an additional 16 pages of exhibits, is brought pursuant to 42 U.S.C. § 1983 against NY State, Suffolk County, and five Suffolk County Police Officers: Eric M. Perelli ("P.O. Perelli"), Detective Neknez ("Det. Neknez"), Detective Cianfrogna ("Det. Cianfrogna"), Detective Saleh ("Detective Saleh"), and Detective Colby ("Det. Colby"). Plaintiff alleges a deprivation of his Fourth, Eighth, and Fourteenth Amendment rights.  (See Case No. 22-CV-5074(JS)(AYS), Compl., ECF No. 1, in toto, and at 12, 16.)  Like the allegations set forth in Case Nos. 22-CV-0161 and 22-CV-5073, here, Plaintiff challenges the alleged warrantless search and arrest.  His allegations against the individual officers are largely repetitive of his allegations set forth in the First Case Amended Complaint. For relief, Plaintiff seeks a $10 million damages award.  (See id. at 16-17.)

     5.    <u>Case No. 22-CV-5359(JS)(AYS),</u>
           <u>Braithwaite v. Jacob Kubetz, A.D.A., et al.</u>

Plaintiff's 45-page Complaint in this action, with an additional 351 pages of exhibits, is brought pursuant to 42 U.S.C. § 1983 against A.D.A. Kubetz, P.O. Heter, T-Mobile US Inc. ("T-Mobile"), Verizon, and Sy Tech Corporation ("Sy Tech"), with Plaintiff alleging a deprivation of his Fourth and Fourteenth Amendment rights. (<u>See</u> Case No. 22-CV-5359(JS)(AYS), Compl., ECF No. 1, <u>in toto</u>, and at 6.) The allegations here against A.D.A. Kubetz and P.O. Heter are largely the same as the allegations raised against them in Plaintiff's First Case. The gravamen of this Complaint is that cell phone service providers T-Mobile and Verizon provided law enforcement with Plaintiff's location data without his permission or consent. (<u>See id.</u> at 6-7.) Plaintiff claims that Defendants conspired to deprive Plaintiff of his Fourth Amendment right to be free from unreasonable searches. (<u>See id.</u> at 8.) According to the Complaint, the state "court issued an eavesdropping warrant that governs oral and electronic communications", but Defendants did not have a warrant to collect "ping data" as to Plaintiff's location; thus, the use of that ping data against Plaintiff during the underlying criminal trial was prejudicial. (<u>See id.</u> at 8-9.) For relief, Plaintiff seeks both a $50 million damages award and the criminal prosecution of the

14

Defendants.  (Id. at 38-42.)

DISCUSSION

I.   Plaintiff's *In Forma Pauperis* Applications are Granted

Having reviewed his financial status, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's IFP Applications are GRANTED.

II.  Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  "The trial court has broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (internal citations omitted).  Further, "[t]he Second Circuit

15

has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations.   Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co., Inc. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (cleaned up); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989).   The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation.   See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, Plaintiff's Post-Conviction Complaints and the First Case Amended Complaint all seek to challenge, inter alia, the investigation leading to Plaintiff's arrest, the alleged warrantless search of his apartment, his arrest, and the presentation of evidence to the grand jury in the underlying state court criminal prosecution.   Although the First Case was filed pre-conviction, the Post-Conviction Complaints and First Case Amended Complaint involve common issues of law and fact. Accordingly, in the sound exercise of its discretion and pursuant to Rule 42 of Federal Rule of Civil Procedure 42, the Court orders

that Plaintiff's Post-Conviction Cases be CONSOLIDATED into
Plaintiff's First Case, Case No. 22-CV-0161(JS)(AYS).   The Clerk
of Court is DIRECTED to: (1) consolidate these actions; and (2)
thereafter, mark the cases assigned Case Nos. 22-CV-5070(JS)(AYS),
22-CV-5071(JS)(AYS),   22-CV-5073(JS)(AYS),   22-CV-5074(JS)(AYS),
and 22-CV-5359(JS)(AYS) CLOSED.   Any future filings are to be
docketed in **only in the First Case, No. 22-CV-0161(JS)(AYS).**

III. <u>Consideration of First Case Amended Complaint
     Under the Section § 1915A Analysis</u>

    A.   <u>Applicable Law</u>

       1.   <u>28 U.S.C. § 1915A</u>

Section 1915A of Title 28 requires federal district
courts to screen complaints brought by prisoners who seek relief
against a governmental entity or an officer or employee of a
governmental entity.   <u>See</u> Prison Litigation Reform Act ("PLRA"),
28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's civil
rights complaint, or any portion of that complaint, that is
frivolous or malicious, fails to state a claim upon which relief
may be granted, or seeks monetary relief from a defendant who is
immune from such relief. 28 U.S.C. § 1915A(b); <u>see also</u> <u>Abbas v.
Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007).   The Court must also
dismiss a complaint without prejudice if the Court lacks subject

matter jurisdiction.  See FED. R. CIV. P. 12(h)(3).  The Court is required to dismiss the action as soon as it makes such a determination.  See 28 U.S.C. § 1915A; Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *2 (E.D.N.Y. May 18, 2021).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

2.    Section 1983 and *Bivens*

Section 1983 provides that

> [e]very person who, under color of any
> statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes
> to be subjected, any citizen of the United
> States . . . to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356 (2012).

To state a claim under Section 1983, a plaintiff must "'allege

that (1) the challenged conduct was attributable at least in part

to a person who was acting under color of state law and (2) the

conduct deprived the plaintiff of a right guaranteed under the

Constitution of the United States.'"   Rae v. County of Suffolk,

693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag,

188 F.3d 51, 53 (2d Cir. 1999)).

A claim alleging a deprivation of a constitutional right

against federal officials is properly brought pursuant to Bivens

and is narrower than Section 1983.   Indeed:

> [o]ver the past half-century, the [U.S.
> Supreme] Court has endorsed such a claim in
> only three instances: (1) unlawful search of
> a home and warrantless arrest in violation of
> the Fourth Amendment, Bivens, 403 U.S. at 395-
> 97; (2) employment discrimination based on
> gender in violation of the Due Process Clause
> of the Fifth Amendment, Davis v. Passman, 442
> U.S. 228 (1979); and (3) inadequate medical

19

> treatment of a prisoner, resulting in the
> prisoner's death, in violation of the Eighth
> Amendment, <u>Carlson v. Green</u>, 446 U.S. 14
> (1980). "After those decisions, however, the
> Court changed course." <u>Hernandez v. Mesa</u>, 140
> S. Ct. 735, 741 (2020). Today, the Supreme
> Court has warned, expanding <u>Bivens</u> is a
> "disfavored" judicial activity. <u>Ziglar v.</u>
> <u>Abbasi</u>, 137 S. Ct. 1843, 1857 (2017).

<u>Fisher v. Bureau of Alcohol, Tobacco & Firearms (ATF), et al.</u>, No.
22-CV-6440, 2023 WL 2082552, at *10–11 (W.D.N.Y. Feb. 17, 2023)
(quoting <u>Komatsu v. United States</u>, No. 21-CV-1838, 2023 WL 317326,
at *5 (S.D.N.Y. Jan. 19, 2023)).

Liberally construed, Plaintiff alleges deprivations of
his right to be free from unlawful searches and seizures and the
right to a fair trial.  The Fourth Amendment protects "[t]he right
of the people to be secure in their persons, houses, papers, and
effects, against unreasonable searches and seizures . . . ," and
further provides that "no Warrants shall issue, but upon probable
cause . . . ."  Const. amend IV; <u>see also</u> <u>United States v. Barner</u>,
666 F.3d 79, 82 (2d Cir. 2012) ("The Fourth Amendment protects the
right of private citizens to be free from unreasonable government
intrusions into areas where they have a legitimate expectation of
privacy.") (quoting <u>United States v. Newton</u>, 369 F.3d 659, 664 (2d
Cir. 2004)).  "Based on this constitutional text, the Court has
repeatedly held that searches conducted outside the judicial

process, without prior approval by a [a] judge or [a] magistrate [judge], are per se unreasonable . . . subject only to a few specifically established and well-delineated exceptions." City of Los Angeles, Cal. v. Patel, 576 U.S. 409, 419 (2015) (internal quotation marks omitted) (quoting Arizona v. Gant, 556 U.S. 332, 338 (2009)).

"A claim based on the denial of a fair trial 'finds its roots in the Sixth Amendment, as well as the due process clauses of the Fifth and Fourteenth Amendments.'" Arrington v. LoTempio, No. 22-CV-6141, 2023 WL 375098, at *2 (W.D.N.Y. Jan. 24, 2023) (quoting Bailey v. City of N.Y., 79 F. Supp. 3d 424, 445 (E.D.N.Y. 2015) (citing Holbrook v. Flynn, 475 U.S. 560, 567 (1986) (recognizing that the Sixth and Fourteenth Amendments secure the constitutional right to a fair trial)). A plaintiff alleging a fair trial claim "must demonstrate that '(1) an investigating official (2) fabricates information (3) that is likely to influence a jury's verdict, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of life, liberty, or property as a result.'" Case v. City of N.Y., 408 F. Supp. 3d 313, 322 (S.D.N.Y. 2019) (quoting Caravalho v. City of N.Y., 732 F. App'x 18, 24 (2d Cir. 2018)).

B.   <u>Application</u>

1.   *Heck v. Humphrey* Bars Plaintiff's
     Section 1983 and *Bivens* Claims

When a claim under Section 1983 calls into question the validity of an underlying conviction, a district court must dismiss the claim, unless the conviction has been invalidated.   <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994); <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) (<u>Heck</u>'s bar applies regardless of whether a plaintiff seeks damages or injunctive relief).   The petitioner in <u>Heck</u> was an inmate with a direct appeal from his conviction pending, who brought a Section 1983 action for damages against state officials who, he claimed, acted unconstitutionally in arresting and prosecuting him.   Drawing an analogy to the tort of malicious prosecution, the Supreme Court held that an inmate's Section 1983 claim for damages was unavailable because he could not demonstrate that the underlying criminal proceedings had terminated in his favor.   <u>Id.</u> at 486-87.   In <u>Heck</u>, the Supreme Court enumerated four methods of demonstrating that a conviction has been invalidated: (1) the conviction was reversed on a direct appeal; (2) an executive order expunged the conviction; (3) a habeas corpus petition was issued by a federal court; or (4) an authorized state tribunal declared the conviction invalid.   <u>Id.</u>

22

Here, on July 18, 2022, in Suffolk County Court, Criminal Term, Index No. 00308C-2020, Plaintiff was convicted by a jury on a multi-count indictment including Operating as a Major Trafficker, a class A-1 felony, and Conspiracy in the Second Degree, a class B felony. See Braithwaite v. Gaitman, et al., No. 22-CV-00974(JS)(AYS), Memorandum & Order (ECF No. 19) at 3 n.3 (E.D.N.Y. Oct. 24, 2022) (citing https://iapps. courts.state.ny.us/webcrim (last visited on Sept. 16, 2022)). He was sentenced on September 23, 2022. See, e.g., Braithwaite v. Tropea, No. 23-CV-1431 (JS)(AYS), Ex. 18 (ECF No. 7-4 at ECF pp.32- 96) (E.D.N.Y. 2023) (Sept. 23, 2022 Sent'g Hr'g Tr.). As is readily apparent, affording the pro se First Case Amended Complaint, as well as the Post-Conviction Complaints, a liberal construction, there is no allegation that Plaintiff's conviction has been invalidated. Indeed, all of these Complaints were filed in this Court before Plaintiff was sentenced. Because Plaintiff's success on his civil rights claims in his consolidated cases would necessarily invalidate the conviction, which is not alleged to have been reversed or vacated, Plaintiff's Section 1983 and Bivens claims are not cognizable under Heck. Thus, Heck's bar precludes their adjudication.[8]  Indeed, Plaintiff's Fourth Amendment claims

---

[8]  Although "[Section] 1983 remains a possible remedy when there

relate to the search of his apartment and his arrest from which his conviction followed. As is readily apparent, "[a] judgment in Plaintiff's favor on the unlawful search and seizure claim would clearly imply the invalidity of his conviction, and the claim is therefore barred by <u>Heck v. Humphrey</u>." <u>Curtis v. Rockland County</u>, No. 21-CV-04294, 2022 WL 16540705, at *5 (S.D.N.Y. Oct. 28, 2022). Moreover, the Second Circuit has made clear that, "when seeking compensatory damages for an allegedly unreasonable search while the underlying conviction still stands, a plaintiff may only recover for an injury other than the harm caused by the conviction and the imprisonment resulting therefrom." <u>Stegemann v. Rensselaer County Sheriff's Off.</u>, No. 20-CV-3316, 2021 WL 5492966, at *2 (2d Cir. Nov. 23, 2021) (citing <u>Heck</u>, 512 U.S. at 487 n.7).

Given that Plaintiff has not alleged any injury other than those related to his conviction and imprisonment, which he asserts resulted from the alleged warrantless search and arrest, he cannot recover any damages for these injuries unless and until his conviction is overturned. <u>See, e.g.</u>, <u>Curtis v. Rockland County</u>, No. 21-CV-4294, 2022 WL 16540705, at *5 (S.D.N.Y. Oct. 28,

---

is no other federal avenue through which to bring a claim," <u>Chillemi v. Town of Southampton</u>, 943 F. Supp. 2d 365, 375 (E.D.N.Y. 2013), Plaintiff has the opportunity to seek <u>habeas</u> relief once his constitutional claims are properly exhausted in state court.

2022).   Accordingly, Plaintiff's Section 1983 and Bivens[9] claims are not plausible and are DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).   See Peay v. Ajello, 470 F.3d 65, 68 (2d Cir. 2006) ("allegations of extensive conspiratorial misconduct between defense counsel and the prosecution would render the [plaintiff's] convictions invalid if they were proved" and, thus, are barred by Heck); Whaley v. Lopez, No. 12-CV-2889, 2012 WL 3137900, at *7 (E.D.N.Y. July 30, 2012) (prosecutorial misconduct claim is barred because such conduct necessarily implies invalidity of the conviction (citing Kevilly v. New York, 410 F. App'x 371, 374 (2d Cir. 2010))); see also Arrington, 2023 WL 375098 at *3-4 (sua sponte dismissing plaintiff's illegal search and denial-of-fair-trial claims without prejudice pursuant to Heck, including related conspiracy claims, brought pursuant to Section 1983 and Bivens).

---

[9] Further, "Bivens claims do not lie against federal employees in their official capacities, because such suits are considered actions against the United States and are barred by the doctrine of sovereign immunity." Wright v. Condit, No. 13-CV-2849, 2015 WL 708607, at *1 (S.D.N.Y. Feb. 18, 2015) (citing Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir. 1994)). Therefore, Plaintiff cannot pursue his constitutional claims against the individual unnamed employees in their official capacities.

2.   Section 1983 Claims Against Jason Russo, Esq.,
Steven   Gaitman, Esq., Gaitman & Russo, PLLC,
Steve   Fondulis, Esq.,   Verizon,   T-Mobile,   Sy
Tech, and the Grand Jurors

Although Heck bars Plaintiff's claims seeking to impose
Section 1983 liability on his criminal defense attorneys, three
cellular service providers, and the Grand Jurors who indicted him,
such claims are not plausible for the additional reason that none
of these Defendants are state actors.  Section 1983 "constrains
only state conduct, not the 'acts of private persons or entities.'"
Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y.
2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982)).
Accordingly, "a litigant claiming that his constitutional rights
have been violated must first establish that the challenged conduct
constitutes state action."  Flagg v. Yonkers Sav. & Loan Ass'n,
396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and
citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir.
2012) ("A plaintiff pressing a claim of violation of his
constitutional rights under § 1983 is [ ] required to show state
action." (internal quotation marks and citation omitted)).
Indeed, "the under-color-of-state-law element of § 1983 excludes
from its reach merely private conduct, no matter how discriminatory
or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40,
50 (1999) (internal quotation marks and citation omitted).

A private actor, such as these Defendants, may be considered as acting under the color of state law for purposes of Section 1983 if the private actor was a "'willful participant in joint activity with the State or its agents.'" Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970)). Section 1983 liability may also extend to a private party who conspires with a state actor to violate a plaintiff's constitutional rights. See Ciambriello, 292 F.3d at 323-24. In order to state a Section 1983 conspiracy claim, a plaintiff must allege: "(1) an agreement between a state actor and a private party; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Id. at 324-25 (citing Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999)). Indeed, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." Id. at 324 (internal quotation marks omitted).

Here, insofar as Plaintiff seeks to impose liability on his defense attorneys for his claimed constitutional deprivations, such claims are not plausible because these defendants are not state actors. Attorneys, whether court-appointed or privately

retained, are generally not state actors for purposes of Section 1983. See, e.g., Polk County v. Dodson, 454 U.S. 312, 325 (1981); see also Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to [a] defendant [in a criminal proceeding] do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983"). Nor has Plaintiff sufficiently alleged that any of these Defendants acted jointly with a state actor or conspired with a state actor to deprive Plaintiff of some constitutional right. Although Plaintiff's voluminous submissions are replete with broad allegations of a conspiracy, his merely conclusory allegations with no supporting factual averments are insufficient to state a conspiracy. Thus, in the absence of any state action, Plaintiff's Section 1983 claims against Jason Russo, Esq., Steven Gaitman, Esq., Gaitman & Russo, PLLC, Steve Fondulis, Esq.,[10] Verizon, T-Mobile, Sy Tech, and the Grand Jurors are not plausible as a matter of law. See Ciambriello, 292 F.3d at 325. Hence, Plaintiff's Section 1983 claims against Jason Russo, Esq., Steven

---

[10] Though far from clear, to the extent Plaintiff seeks to assert a cause of action against his criminal defense attorneys based upon the theory of ineffective assistance of counsel, "an ineffectiveness [claim is not actionable] in a proceeding brought under § 1983." Bourdon v. Loughren, 386 F.3d 88, 90 (2d Cir. 2004).

Gaitman, Esq., Gaitman & Russo, PLLC, Steve Fondulis, Esq., Verizon, T-Mobile, Sy Tech, and the Grand Jurors are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

### 3. Section 1983 Claims Against Judge Collins and Judge Mazzei

Further, Plaintiff's Section 1983 claims against Judges Collins and Mazzei are subject to dismissal for the additional reasons that, as judges employed by the state of New York, they are absolutely immune from suit.  It is well-established that judges "generally have absolute immunity" from suit for judicial acts performed in their judicial capacities.  Bliven v. Hunt, 579 F.3d 204, 209 (2d Cir. 2009) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)).  This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority."  Mireles, 502 U.S. at 11, 13 (internal quotation marks and citation omitted; ellipsis in original). Rather, judicial immunity is overcome in only two instances.  The first instance is "liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity."  Bliven, 579 F.3d at 209 (quoting Mireles, 502 U.S. at 11).  The second instance is liability arising from actions taken "'in the complete absence

29

of all jurisdiction.'" <u>Basile v. Connolly</u>, 538 F. App'x 5, 7 (2d Cir. 2013) (quoting <u>Mireles</u>, 502 U.S. at 11-12; emphasis in the original).   Here, nothing in Plaintiff's First Case Amended Complaint or his Post-Conviction Complaints suggests that either exception applies to overcome absolute judicial immunity. Although Plaintiff complains that the judges acted without jurisdiction, such allegations are belied by the fact that Plaintiff was tried and convicted in the state court.   There can be no doubt that state court prosecution for violations of state laws relating to drug possession and weapon possession is the very kind of case over which state courts have jurisdiction. Accordingly, Plaintiff's claims against Judges Collins and Mazzei are not plausible as a matter of law and are thus DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 4.   Section 1983 Claims Against DA Sini, DA Tierney, ADA Kubetz, ADA Powers, and ADA Wagner

It is well-established that prosecutors are absolutely immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976); <u>see also</u> <u>Simon v. City of N.Y.</u>, 727 F.3d 167, 171 (2d Cir. 2013).   The actions for which a

prosecutor is entitled to absolute immunity "include deciding whether to bring charges and presenting a case to a grand jury or a court." Simon, 727 F.3d at 171; Shmueli v. City of N.Y., 424 F.3d 231, 237 (2d Cir. 2005).

Here, Plaintiff alleges that the "District Attorney knowingly and intentionally presented Plaintiff's case to the Grand Jury and took Plaintiff to trial knowing that there was no search warrant or arrest warrant in this case." (Case No. 22-CV-5073(JS)(AYS), Compl. at 9, 13.) Further, Plaintiff complains that ADA Kubetz disclosed during his criminal prosecution that the warrants at issue were "never completed and filed by the detective who executed the warrants." (Id. at 11.) Plaintiff further alleges that ADA Kubetz "supplied false documents which was a false warrant execution paperwork." (Id.) In addition, Plaintiff alleges in conclusory fashion that ADAs "Kate Wagner, Meaghan Powers and Jacob Kubetz under the District Attorney of Suffolk County maliciously prosecuted the Plaintiff." (Id. at 13.) Moreover, Plaintiff complains that after he declined a plea offer from ADA Kubetz and the Chief of Narcotics, the District Attorney proceeded to trial on the top indictment charge. (Id. at 14.)

The decision to bring charges and to pursue such charges are squarely within the scope of the judicial phase of the criminal

process for which DA Sini, DA Tierney, ADA Kubetz, ADA Wagner, and ADA Powers are absolutely immune from suit.  Moreover, trial disclosures, the presentation of evidence during a criminal prosecution, and plea bargaining are clearly within the judicial phase of the criminal proceeding.  See Ogunkoya v. Monaghan, 913 F.3d 64, 72 (2d Cir. 2019) (explaining that prosecutors have absolute immunity for decisions and acts that "constituted an exercise of their prosecutorial discretion in preparing a case for indictment and deciding when, where, and how to prosecute"); Barrett v. United States, 798 F.2d 565, 571-72 (2d Cir. 1986) (prosecutorial immunity "encompasses not only [prosecutors'] conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation, including presentation of evidence to a grand jury to initiate a prosecution, activities in deciding not to do so, and conduct of plea bargaining negotiations") (cleaned up).  Thus, even if Plaintiff's Section 1983 claims were not barred by Heck and its progeny, DA Sini, DA Tierney, ADA Kubetz, ADA Powers, and ADA Wagner are shielded from suit by absolute prosecutorial immunity for the challenged actions undertaken during the judicial phase of the subject criminal proceeding.[11]

_____

[11] Notably, Plaintiff alleges that ADA Kubetz unlawfully obtained

"[D]istrict courts are encouraged to determine the availability of an absolute immunity defense at the earliest appropriate stage, and preferably before discovery . . . because an absolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity."  Deronette v. City of N.Y., No. 05-CV-5275, 2007 WL 951925, at *4 (E.D.N.Y. Mar. 27, 2007) (citations, alterations, and quotation marks omitted). Accordingly, these claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(2).

> 5.   Claims Against the United States, NY State, and the Suffolk County District Attorney's Office

Insofar as Plaintiff seeks relief against the United States and NY State, such claims are barred by sovereign immunity or Eleventh Amendment immunity, respectively.  "The doctrine of sovereign immunity bars federal courts from hearing all suits against the federal government, including suits against its agencies, except where sovereign immunity has been waived." Roberts v. U.S. Marshals Serv., No. 21-CV-11234, 2022 WL 2986683,

---

Plaintiff's location data from cell service providers beginning in February 2020.  See Braithwaite v. Kubetz, et al., Case No. 22-CV-5359(JS)(AYS), Compl. at 6-9 (E.D.N.Y. 2022).  Given that Heck's bar precludes adjudication of Plaintiff's Section 1983 claims (see supra at 22-25), the Court need not address the substance of Plaintiff's claims arguably pertaining to the investigative stage of the underlying criminal prosecution.

at *3 (S.D.N.Y. July 27, 2022) (citing <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (additional citation omitted)).

With regard to NY State, "'as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity or unless Congress has abrogate[d] the states' Eleventh Amendment immunity . . . .'" <u>Griggs v. Crim. Ct. of City of N.Y.</u>, No. 21-CV-1899, 2021 WL 1535056, at *2 (S.D.N.Y. Apr. 19, 2021), <u>appeal dismissed</u> (Oct. 28, 2021) (quoting <u>Gollomp v. Spitzer</u>, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted, alteration in original)). "This immunity shields States from claims for money damages, injunctive relief, and retrospective declaratory relief." <u>Griggs</u>, 2021 WL 1535056, at *2 (citing <u>Green v. Mansour</u>, 474 U.S. 64, 72-74 (1985); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 101-02 (1984)). Further, "[a]s agencies of the State of New York, [a district attorney office is] entitled to immunity under the Eleventh Amendment." <u>Carthen v. Gonzalez</u>, No. 19-CV-6392, 2020 WL 376569, at *2 (E.D.N.Y. Jan. 23, 2020) (citing <u>Ying Jing Gan v. City of N.Y.</u>, 996 F.2d 522, 535 (2d Cir. 1993) (District Attorney's Office is protected by the Eleventh Amendment)); <u>London v. Nassau County Dist. Attorney's Off.</u>, No. 20-CV-3988, 2020 WL 7699644, at *7 (E.D.N.Y. Dec. 28, 2020)

(Seybert, J.) ("Eleventh Amendment immunity requires dismissal of all of Plaintiff's Section 1983 claims seeking damages against the Nassau County District Attorney's Office.")

Thus, the United States, NY State, and the Suffolk County District Attorney's Office are shielded by immunity, rendering Plaintiff's Section 1983 claims implausible.   Therefore, these claims are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

### 6.   Claims Against Suffolk County and the Suffolk County Police Department

It is well-established that a municipality, like Suffolk County, cannot be held liable under Section 1983 on a respondeat superior theory.   See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691 (1978); Agosto v. N.Y.C. Dep't of Educ., 982 F.3d 86, 98 (2d Cir. 2020) ("Monell expressly prohibits respondeat superior liability for municipalities" (citations omitted)). Rather, to state a claim against a municipality under Section 1983, "'the plaintiff is required to show that the challenged acts were performed pursuant to a municipal policy or custom.'"   Tafolla v. County of Suffolk, No. 17-CV-4897, 2021 WL 3675042, at *10 (E.D.N.Y. Aug. 19, 2021) (Seybert, J.) (quoting Littlejohn v. City of N.Y., 795 F.3d 297, 314 (2d Cir. 2015)).   To establish the

existence of a municipal policy or custom, the plaintiff must allege:

> (1) the existence of a formal policy which is officially endorsed by the municipality; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights; (3) a practice so persistent and widespread as to practically have the force of law or that was so manifest as to imply the constructive acquiescence of senior policy-making officials; or (4) that a policymaking official exhibited deliberate indifference to constitutional deprivations caused by subordinates.

Avant v. Miranda, No. 21-CV-0974, 2021 WL 1979077, at *3 (E.D.N.Y. May 18, 2021) (Seybert, J.) (cleaned up).

Here, when liberally construing the First Case Amended Complaint and the consolidated Post-Conviction Complaints, there are no factual allegations that a municipal policy or custom existed that caused the alleged constitutional deprivations of which Plaintiff complains. (See First Case Am. Compl. and Post-Conviction Compls., in toto.) Similarly, there are no allegations from which the Court could reasonably construe a plausible Section 1983 claim against Suffolk County. Thus, Plaintiff's Section 1983 claims against Suffolk County are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

Similarly, Plaintiff's claims against the Suffolk County
Police Department (the "Police Department") are implausible.  The
Police Department cannot be sued because it is an "administrative
arm," which does "not have a legal identity separate and apart
from the municipality."  Spagnuolo v. Suffolk County, No. 12-CV-
4327, 2017 WL 4326510, at *2 (E.D.N.Y. Sept. 28, 2017) (citation
omitted) (Seybert, J.), aff'd sub nom. Spagnuolo v. Howell, 814 F.
App'x 614 (2d Cir. 2020); see also Sturgis v. Suffolk County Jail,
No. 12-CV-5263, 2013 WL 245052, *2 (E.D.N.Y. Jan. 22, 2013) (sua
sponte dismissing Section 1983 claims against the Suffolk County
Police Department, among others, because it is an "administrative
arm[ ] of the County of Suffolk [ ] [and] lack[s] the capacity to
be sued").  Therefore, Plaintiff's claims against the Police
Department are implausible and are DISMISSED WITH PREJUDICE
pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).


IV.  State Law Claims

Given the dismissal of Plaintiff's federal claims, the
Court declines to exercise supplemental jurisdiction over any
state law claims that may be alleged and dismisses them without
prejudice.  See 28 U.S.C. § 1367(c)(3) ("The district court may
decline to exercise supplemental jurisdiction over a claim . . .

37

if . . . the district court has dismissed all claims over which it has original jurisdiction. . . ."); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims."). Plaintiff is presently pursuing five cases in state court relating to and largely repetitive of the pleadings filed in this Court (see supra at 5 n.1); he may pursue any valid state law claims raised here in state court.

V.   Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Given that Plaintiff has already been afforded the opportunity to amend his complaint -- and has done so (see First Case Am. Compl.) -- together with the fact that his conviction precludes adjudication of his Section 1983 claims under Heck, amendment would be futile. See Ruffolo v. Oppenheimer &

Co., 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."); Polanco v. Capra, et al., No. 22-CV-4475, 2023 WL 2242702, at *2 (S.D.N.Y. Feb. 27, 2023) ("District courts generally grant a pro se plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies.") (citing Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).  Further, as noted, Plaintiff has raised many of the claims presented here in state court.  (See supra at 5, n.1.) Accordingly, leave to further amend the First Case Amended Complaint and the Post-Conviction Complaints is DENIED.[12]

[Remainder of page intentionally left blank.]

---

[12] Such denial is without prejudice to Plaintiff pursuing habeas relief in a properly exhausted petition pursuant to 28 U.S.C. § 2254.  Given that Plaintiff's direct appeal is presently pending, see People v. Braithwaite, Index No. 2022- 9002 (App. Div., 2d Dep't), such a habeas petition is premature at this time.

<u>CONCLUSION</u>

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's IFP Applications are GRANTED;

**IT IS FURTHER ORDERED** that Plaintiff's cases captioned herein are CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the first filed case, No. 22 CV-0161(JS)(AYS).  Thus, the Clerk of Court is DIRECTED to:

(1) CONSOLIDATE these actions; and

(2) mark CLOSED the cases assigned

Case Nos. 22-CV-5070(JS)(AYS), 22-CV-5071(JS)(AYS),

22-CV-5073(JS)(AYS), 22-CV-5074(JS)(AYS), and

22-CV-5359(JS)(AYS).

Any future filings are to be docketed in only Plaintiff's First Case, No. 22-CV-0161(JS)(AYS); and

**IT IS FURTHER ORDERED** that Plaintiff's First Case Amended Complaint and his consolidated Post-Conviction Complaints are <u>sua sponte</u> DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) as set forth herein;

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Order would not be taken in good faith.  Therefore, <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S.

438, 444-45 (1962); and

      **IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this Memorandum & Order to the <u>pro se</u> Plaintiff at his address of record, including the notation "LEGAL MAIL" on the envelope.

                                              **SO ORDERED.**

                                        /s/ <u>JOANNA SEYBERT</u>
                                        Joanna Seybert, U.S.D.J.

Dated: March _3_, 2023
       Central Islip, New York

41